Lee Previant (CSBN 259293)
lpreviant@nplaw.la
John Noland (CSBN 190121)
jnoland@nplaw.la
NP Law Firm, APC
28494 Westinghouse Place, Suite 311
Valencia, CA 91355
Tel.:   855.675.2901
Fax:   818.334.5043

Attorneys for *Elias Vazquez*

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ELIAS VAZQUEZ, <br><br> Plaintiff(s), <br><br> v. <br><br> AMAZON.COM SERVICES, LLC; AMAZON.COM, INC.; GARREN FITNESS, LLC, <br><br> Defendant(s). | **Case No.:**  2:22-CV-3056 <br><br> **COMPLAINT FOR:** <br><br> 1. **NEGLIGENCE** <br> 2. **BREACH OF EXPRESS WARRANTIES** <br> 3. **BREACH OF IMPLIED WARRANTIES** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff ELIAS VAZQUEZ alleges as follows:

### I. NATURE OF THE CASE

1.      This action arises out of ELIAS VAZQUEZ's personal injuries, which were directly and proximately caused by a Maximiza Pull Bar (hereinafter "PRODUCT") purchased from and sold by GARREN FITNESS, LLC, AMAZON.COM SERVICES, LLC, and AMAZON.COM, INC. with Order # 111-9229314-3564217.

### II. PARTIES

2.      Plaintiff ELIAS VAZQUEZ is a an individual residing in the City of Bellflower, County of Los Angeles, State of California at all times alleged herein.

1

3.      Defendant GARREN FITNESS, LLC (hereinafter "GARREN") is a Delaware limited liability company doing business other than in the State of California.

4.      Defendant AMAZON.COM SERVICES, LLC (hereinafter "AMAZON.COM SERVICES") is a foreign corporation doing business in a State other than the State of California.

5.      Defendant AMAZON.COM, INC. (hereinafter "AMAZON.COM") is a foreign corporation doing business in a State other than the State of California.

### III. JURISDICTION AND VENUE

6.      Plaintiff is a citizen of the State of California.

7.      Defendant GARREN is a corporation incorporated under the laws of the State of Delaware having its principal place of business other than in the State of California.

8.      Defendant AMAZON.COM SERVICES is a corporation incorporated under the laws of the State of Washington having its principle place of business in a State other than the State of California.

9.      Defendant AMAZON.COM is a corporation incorporated under the laws of the State of Washington having its principle place of business in a State other than the State of California.

10.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Sec. 1332.

11.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1391(b)(2). A substantial part of the events, acts, or omissions giving rise to these claims occurred in Los Angeles County, California.  Los Angeles County is in the Central District of California pursuant to 28 U.S.C. §128(b).

///

///

## IV. FACTS

12. Upon information and belief, the PRODUCT was designed, developed, manufactured, tested, packaged, and/or distributed to AMAZON.COM SERVICES and AMAZON.COM by GARREN.

13. At all pertinent times, GARREN was engaged in the business of research, development, manufacturing, design, testing, distributing, promoting, marketing and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the State of California, and regularly transacted, solicited, and conducted business in the State of California.

14. At all pertinent times, AMAZON.COM SERVICES was engaged in the business of distributing, promoting, marketing, and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the State of California, and regularly transacted, solicited and conducted business in the State of California.

15. At all pertinent times, AMAZON.COM was engaged in the business of distributing, promoting, marketing, and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the State of California, and regularly transacted, solicited, and conducted business in the State of California.

16. On March 25, 2020, Plaintiff purchased the PRODUCT on Amazon.com and was fulfilled by Amazon.

17. On May 11, 2020, in Bellflower, California, Plaintiff was using the PRODUCT as designed, specifically pull-up exercises, when the PRODUCT failed causing Plaintiff to fall to the floor causing permanent injuries to Plaintiff.

18. Plaintiff suffered injuries as a direct and proximate result of the unreasonably dangerous and defective nature of the PRODUCT, and Defendants' negligent conduct in the research, design, development, testing, manufacturing,

production, promotion, distribution, marketing, warning, and sale of PRODUCT.  As a direct and proximate result of these injuries Plaintiff has incurred damages, which include, but are not limited, past and future medical expenses, permanent physical impairment, and past and future mental, physical, and emotion pain and suffering and loss of enjoyment of life.

19.   Plaintiff's damages are a direct and proximate result of Defendants' negligent conduct in connection with the design, development, manufacturing, testing, packaging, promoting, marketing distribution, labeling, warning and/or sale of the PRODUCT.

20.   Defendants had a duty to know and warn about hazards associated with the use of the PRODUCT.

21.   Defendants had a duty not to place the PRODUCT on the market in a defective and unreasonably dangerous condition.

22.   Defendants failed to inform their customers and end users of the PRODUCT of a known catastrophic health hazard associated with the use of its product.

23.   Defendants' conduct, acts, and/or omissions were a direct and proximate cause and/or were a substantial factor in causing injuries and damages to Plaintiff, including, but not limited to, past and future medical expenses, permanent physical impairment, past and future mental, physical and emotional pain and suffering and loss of enjoyment of life.

24.   All amounts claimed herein are in excess of the minimal jurisdictional limits of this Court.

///

///

///

///

///

# V. <u>CAUSES OF ACTION</u>

25.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24.

## <u>FIRST CAUSE OF ACTION:</u>
## <u>NEGLIGENCE</u>

26.    At all times hereinafter mentioned, the Defendants, knew or should have known and had actual and constructive notice, that the PRODUCT was extremely and unreasonably dangerous, hazardous and not reasonably safe for its intended purposes and foreseeable uses.

27.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, owed a duty of care to Plaintiff.

28.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, breached the above-mentioned duty of care because defendants and/or their agents, servants and/or employees failed to use the amount of care in designing, manufacturing, inspecting, installing, and/or repairing the PRODUCT that a reasonably careful designer, manufacturer, supplier, installer, and/or repairer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

29.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, breached the above-mentioned duty of care because defendants and/or their agents, servants and/or employees failed to take reasonable steps to ensure that the PRODUCT was reasonably safe for its intended use, failed to exercise reasonable care and to properly test the PRODUCT, and failed to employ reasonable and appropriate quality assurance procedures relative to exercise equipment.

30.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, knew or should have known about the likelihood and severity of potential harm from the PRODUCT.  Whereas, the burden of taking safety measures to reduce or avoid the harm was minimal.  Defendants failed to exercise reasonable

care to avoid an unreasonable risk of harm to persons likely to be exposed to danger when the PRODUCT is used in its intended and foreseeable manner.

31.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, and/or their agents, servants and/or employees were careless, negligent, grossly negligent reckless, knowing, intentional, willful, and wanton, and acted with gross indifference and conscious disregard for the safety and well-being of the consumer and the general public, including Plaintiff.

32.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, designed, manufactured, sold, supplied, installed, inspected, repaired, and/or rented the PRODUCT.

33.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, were negligent in designing, manufacturing, selling, supplying, installing, inspecting, repairing, and/or renting the PRODUCT.

34.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, knew or reasonably should have known that the PRODUCT was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.

35.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, knew or reasonably should have known that users would not realize the danger.

36.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, failed to adequately warn of the danger or instruct on the safe use of the PRODUCT.

37.    A reasonable manufacturer, distributor, seller, supplier, installer, inspecter, repairer, and/or renter under the same or similar circumstances would have warned of the danger or instructed on the safe use of the PRODUCT.

///

///

38.   Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

39.   Plaintiff is informed and believes and thereon alleges, Defendants, and each of them failed to recall, retrofit, warn, and/or cease the sale of the PRODUCT after learning of the accidents caused by the dangerous PRODUCT.

40.   A reasonable manufacturer, distributor, and/or seller, under the circumstances would have recalled, retrofitted, warned, and/or ceased the sale of the PRODUCT after learning of the accidents cause by the dangerous PRODUCT.

41.   Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, and their failure to recall, retrofit, warn, and/or cease the sale of the PRODUCT was a substantial factor in causing Plaintiff's harm.

42.   Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, and all of their conduct, negligence, acts and/or omissions described herein were the direct and proximate cause and/or substantial factor causing the injuries sustained by Plaintiff.

43.   In contrast to the Defendants, at the time of the INCIDENT, Plaintiff was acting with due caution, attention and care and did not in any way contribute to, or cause the damages, harm, and/or injuries as described herein.

44.   As a direct and proximate result of the incident described herein, Plaintiff was caused significant general and special damages including but not limited to, medical expense, significant property damage, and further that Plaintiff endured, and will continue to endure, enormous pain and suffering as well as loss of enjoyment of life, and has suffered and will continue to suffer loss of earnings.

45.   By reason of the foregoing, Plaintiffs are entitled to and demand compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary damages from defendants in such an amount as a jury would find fair, just and

1  appropriate to punish defendants and others from future similar misconduct.

2  ## COUNT 1:

3  ## STRICT LIABILITY

4  46.    Plaintiffs hereby incorporate by reference each and every allegation and

5  statement contained in all preceding paragraphs 1-45 of this complaint, and

6  incorporate them by reference in their entirety, as though fully set forth herein.

7  47.    Plaintiff is informed and believes and thereon alleges, Defendants, and

8  each of them, are strictly liable in tort for the defective design, development,

9  engineering, fabrication, manufacture, productions, warnings, labeling, inspection,

10  testing, marketing, promotion, distribution, sale and/or placement into the stream of

11  commerce the PRODUCT, which defects caused the aforementioned occurrence and

12  serious injuries sustained by the Plaintiff.

13  48.    Plaintiff is informed and believes and thereon alleges, at the time of the

14  design, development, engineering, fabrication, manufacture, production, procurement,

15  packaging, warning, labeling, inspection, testing, marketing, promotions, distribution,

16  sale and placement into the stream of commerce the PRODUCT was defective,

17  hazardous, unreasonably dangerous, and not reasonably safe for its intended use.

18  49.    Plaintiff is informed and believes and thereon alleges, at all times herein

19  relevant, the dangers from the PRODUCT vastly outweighed its utility.

20  50.    Plaintiff is informed and believes and thereon alleges, at the time of the

21  design, development, engineering, fabrication, manufacture, production, procurement,

22  packaging, warning, labeling, inspection, testing, marketing, promotions, distribution,

23  sale and/or placement into the stream of commerce of the PRODUCT, there were

24  safer feasible alternative designs for the PRODUCT.

25  51.    Plaintiff is informed and believes and thereon alleges, at the time of the

26  design, development, engineering, fabrication, manufacture, production, procurement,

27  packaging, warning, labeling, inspection, testing, marketing, promotions, distribution,

28  sale and/or placement into the stream of commerce of the PRODUCT, Defendants,

COMPLAINT

and/or their agents, servants and/or employees, provided defective warnings and instructions regarding the dangers and use of the PRODUCT.  Among other defects, said warnings and instructions were defective in that Defendants failed to provide and place proper instructions and adequate warnings for the PRODUCT; Defendants failed to provide proper, adequate, necessary and sufficient warnings for the PRODUCT; Defendants knowingly, consciously and willfully provided warnings regarding the dangers of the use of the PRODUCT that were grossly inadequate and insufficient in their content and placement and not commensurate with the degree of hazard presented by these products; and defendants failed to warn plaintiffs and others of the dangers associated with the PRODUCT.

52.     Plaintiff is informed and believes and thereon alleges, the PRODUCT was so inherently dangerous that it should never have been placed into the stream of commerce and should never have been manufactured, produced, packaged, labeled, marketed, distributed, sold and/or placed into the stream of commerce.

53.     Plaintiff is informed and believes and thereon alleges, the conduct of Defendants and/or their agents, servants and/or employees, in designing, developing, engineering, fabrication, manufacture, production, procurement, packaging, warning, labeling, inspection, testing, marketing, promotions, distribution, selling and/or placing into the stream of commerce of the PRODUCT's defective and not reasonably safe condition, was knowing, intentional, willful, wanton, and with gross indifference and conscious disregard for the safety and well-being of the consumers and the general public, including Plaintiff.

54.     Plaintiff is informed and believes and thereon alleges, the PRODUCT was defective and unsafe when the PRODUCT was placed into the stream of commerce by Defendants and was a substantial factor in causing injuries to Plaintiffs.

55.     At the time of the occurrence referred to in paragraphs above, the subject PRODUCT was being used for the purpose and in the manner normally intended by Defendants and was being used in a manner that was reasonably foreseeable to

COMPLAINT

1    defendants.

2        56.    By the exercise of reasonable care, Plaintiffs would not have discovered

3    the PRODUCT's defects nor perceived the danger associated with the PRODUCT.

4        57.    Plaintiff is informed and believes and thereon alleges, the conduct,

5    negligence, acts and/or omissions of Defendants were the direct and proximate cause

6    and/or substantial factor causing the injuries sustained by Plaintiff, without any

7    negligence attributable in any measure to Plaintiff.

8        58.    As a direct and proximate result of the incident described herein, Plaintiff

9    was caused significant general and special damages including but not limited to,

10   medical expense, significant property damage, and further that Plaintiff endured, and

11   will continue to endure, enormous pain and suffering as well as loss of enjoyment of

12   life, and has suffered and will continue to suffer loss of earnings.

13       59.    By reason of the foregoing, Plaintiffs are entitled to and demand

14   compensatory damages from defendants in such sums as a jury would find fair, just,

15   and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary

16   damages from defendants in such an amount as a jury would find fair, just and

17   appropriate to punish defendants and others from future similar misconduct.

18                              **COUNT 2:**

19              **STRICT LIABILITY – MANUFACTURING DEFECT**

20       60.    Plaintiffs hereby incorporate by reference each and every allegation and

21   statement contained in all preceding paragraphs 1-59 of this complaint, and

22   incorporate them by reference in their entirety, as though fully set forth herein.

23       61.    Plaintiff is informed and believes and thereon alleges, Defendants, and

24   each of them, and or their agents, servants and/or employees manufactured,

25   distributed, and/or sold the PRODUCT.

26       62.    Plaintiff is informed and believes and thereon alleges, the PRODUCT

27   contained a manufacturing defect when it left Defendants' possession.

28       63.    Plaintiff is informed and believes and thereon alleges, the PRODUCT's

                                   10

1    defect was a substantial factor in causing Plaintiff's harm.

2        64.    As a direct and proximate result of the incident described herein, Plaintiff

3    was caused significant general and special damages including but not limited to,

4    medical expense, significant property damage, and further that Plaintiff endured, and

5    will continue to endure, enormous pain and suffering as well as loss of enjoyment of

6    life, and has suffered and will continue to suffer loss of earnings.

7        65.    By reason of the foregoing, Plaintiffs are entitled to and demand

8    compensatory damages from defendants in such sums as a jury would find fair, just,

9    and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary

10   damages from defendants in such an amount as a jury would find fair, just and

11   appropriate to punish defendants and others from future similar misconduct.

12                              **<u>COUNT 3:</u>**

13                      **<u>STRICT LIABILITY – DESIGN DEFECT</u>**

14       66.    Plaintiffs hereby incorporate by reference each and every allegation and

15   statement contained in all preceding paragraphs 1-65 of this complaint, and

16   incorporate them by reference in their entirety, as though fully set forth herein.

17       67.    Plaintiff is informed and believes and thereon alleges, Defendants, and

18   each of them, and or their agents, servants and/or employees manufactured,

19   distributed, and/or sold the PRODUCT.

20       68.    Plaintiff is informed and believes and thereon alleges, the PRODUCT did

21   not perform as safely as an ordinary consumer would have expected it to perform

22   when used or misused in an intended or reasonably foreseeable way.

23       69.    Plaintiff is informed and believes and thereon alleges, the gravity of the

24   potential harm from using the PRODUCT, the likelihood that this harm would occur,

25   the feasibility of an alternative safer design at the time of manufacture, the costs of an

26   alternative design, and the disadvantages of an alternative design all made the risks of

27   the PRODUCT's design far outweigh the benefits of the PRODUCT's design.

28       70.    Plaintiff is informed and believes and thereon alleges, the PRODUCT's

design and failure to perform safely was a substantial factor in causing Plaintiff's harm.

71.    As a direct and proximate result of the incident described herein, Plaintiff was caused significant general and special damages including but not limited to, medical expense, significant property damage, and further that Plaintiff endured, and will continue to endure, enormous pain and suffering as well as loss of enjoyment of life, and has suffered and will continue to suffer loss of earnings.

72.    By reason of the foregoing, Plaintiffs are entitled to and demand compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary damages from defendants in such an amount as a jury would find fair, just and appropriate to punish defendants and others from future similar misconduct.

## COUNT 4:
## STRICT LIABILITY – FAILURE TO WARN

73.    Plaintiffs hereby incorporate by reference each and every allegation and statement contained in all preceding paragraphs 1-72 of this complaint, and incorporate them by reference in their entirety, as though fully set forth herein.

74.    Plaintiff is informed and believes and thereon alleges, Defendants, and DOES 1 to 100, inclusive, and each of them, and or their agents, servants and/or employees manufactured, distributed, and/or sold the PRODUCT.

75.    Plaintiff is informed and believes and thereon alleges, the PRODUCT had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture, distribution, and/or sale of the PRODUCT.

76.    Plaintiff is informed and believes and thereon alleges, the PRODUCT's risk presented a substantial danger when the PRODUCT is used or misused in an intended or reasonably foreseeable way.

77.    Ordinary customers, such as Plaintiff, would not have recognized the

12

1    potential risks.

2        78.    Plaintiff is informed and believes and thereon alleges, Defendants, and

3    each of them, failed to adequately warn or instruct of the potential risks.

4        79.    Plaintiff is informed and believes and thereon alleges, the lack of

5    sufficient instructions and/or warnings was a substantial factor in causing Plaintiff's

6    harm.

7        80.    As a direct and proximate result of the incident described herein, Plaintiff

8    was caused significant general and special damages including but not limited to,

9    medical expense, significant property damage, and further that Plaintiff endured, and

10   will continue to endure, enormous pain and suffering as well as loss of enjoyment of

11   life, and has suffered and will continue to suffer loss of earnings.

12       81.    By reason of the foregoing, Plaintiffs are entitled to and demand

13   compensatory damages from defendants in such sums as a jury would find fair, just,

14   and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary

15   damages from defendants in such an amount as a jury would find fair, just and

16   appropriate to punish defendants and others from future similar misconduct.

17                        **SECOND CAUSE OF ACTION:**

18                        **BREACH OF EXPRESS WARRANTIES**

19       82.    Plaintiff hereby incorporates by reference each and every allegation and

20   statement contained in all preceding paragraphs 1-81 of this complaint, and

21   incorporate them by reference in their entirety, as though fully set forth herein.

22       83.    Plaintiff is informed and believes and thereon alleges, Defendants, and

23   each of them, expressly and/or impliedly warranted and represented by its

24   advertisements, marketing, promotions, labeling and/or oral and written

25   communications to the purchaser and others, including plaintiffs, that the

26   aforementioned PRODUCT was safe, proper, merchantable and fit for foreseeable,

27   customary, usual and intended uses.

28       84.    Plaintiff is informed and believes and thereon alleges, Defendants, and

                                        13

each of them, knew or should have known and had actual and/or constructive knowledge that the PRODUCT would fail causing injuries; that purchaser and/or consumer, including Plaintiff, would rely upon the warranties and representations that the PRODUCT was safe, proper, merchantable and fit for foreseeable, customary, usual and intended uses.

85.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the PRODUCT was not as represented, whether or not Defendant received such notice.

86.    Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, failed to repair, recall, or retrofit the PRODUCT as required by the warranty.

87.    Plaintiff is informed and believes and thereon alleges , at all times herein relevant, the PRODUCT was unsafe, unmerchantable and unfit for their foreseeable, customary, usual and intended uses.

88.    Plaintiff is informed and believes and thereon alleges, the failure of the product to be as represented was a substantial factor in causing Plaintiff's harm.

89.    As a direct and proximate result of the incident described herein, Plaintiff was caused significant general and special damages including but not limited to, medical expense, significant property damage, and further that Plaintiff endured, and will continue to endure, enormous pain and suffering as well as loss of enjoyment of life, and has suffered and will continue to suffer loss of earnings.

90.    By reason of the foregoing, Plaintiffs are entitled to and demand compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary damages from defendants in such an amount as a jury would find fair, just and appropriate to punish defendants and others from future similar misconduct.

///

///

### THIRD CAUSE OF ACTION:
### BREACH OF IMPLIED WARRANTIES

91.     Plaintiffs hereby incorporate by reference each and every allegation and statement contained in all preceding paragraphs 1-90 of this complaint, and incorporate them by reference in their entirety, as though fully set forth herein.

92.     Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, expressly and/or impliedly warranted and represented to the purchaser and others, including Plaintiff, that the PRODUCT was safe, proper, merchantable and fit for foreseeable, customary, usual and intended uses.

93.     Plaintiff is informed and believes and thereon alleges, Defendants, and each of them, knew or should have known and had actual and/or constructive knowledge that the PRODUCT would fail causing injuries; that purchasers and/or consumers and others in the vicinity of said products, including Plaintiff, would rely upon the warranties and representations that said products were safe, proper, merchantable and fit for their foreseeable and intended uses.

94.     Plaintiff is informed and believes and thereon alleges, at all times herein relevant, Plaintiffs relied on the aforementioned warranties that the PRODUCT was safe, proper, merchantable and fit for foreseeable, customary, usual and intended uses.

95.     Plaintiff is informed and believes and thereon alleges, at all times herein relevant, the PRODUCT was unsafe, unmerchantable and unfit for their foreseeable, customary, usual and intended uses.

96.     Plaintiff bought the PRODUCT from Defendants, and each of them on or about March 25, 2020.

97.     Plaintiff is informed and believes and thereon alleges, at the time of purchase, Defendants, and DOES 1 to 100, inclusive, and each of them, were in the business of selling these good and/or held themselves out as having special knowledge or skill regarding these goods.

98.     Plaintiff is informed and believes and thereon alleges, the PRODUCT

1   was not of the same quality as those generally acceptable in the trade, was not fit for

2   the ordinary purposes for which such goods are sued, and/or did not conform to the

3   quality established by the parties' prior dealing or by usage of trade.

4        99.   Plaintiff took reasonable steps to notify Defendants, within a reasonable

5   time that the PRODUCT did not have the expected quality.

6        100.   Plaintiff is informed and believes and thereon alleges, the failure of the

7   PRODUCT to have the expected quality was a substantial factor in causing Plaintiff's

8   harm.

9        101.   As a direct and proximate result of the incident described herein, Plaintiff

10   was caused significant general and special damages including but not limited to,

11   medical expense, significant property damage, and further that Plaintiff endured, and

12   will continue to endure, enormous pain and suffering as well as loss of enjoyment of

13   life, and has suffered and will continue to suffer loss of earnings.

14        102.   By reason of the foregoing, Plaintiffs are entitled to and demand

15   compensatory damages from defendants in such sums as a jury would find fair, just,

16   and adequate, and Plaintiffs are further entitled to and demand punitive and exemplary

17   damages from defendants in such an amount as a jury would find fair, just and

18   appropriate to punish defendants and others from future similar misconduct.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT

**WHEREFORE**, having fully stated its causes of action, plaintiff prays for a judgment:

1. For general damages, special damages, and compensatory damages in an amount that is fair and reasonable as established by the evidence.

2. For Plaintiff's costs incurred in bringing and prosecuting this action.

3. For a trial by jury;

4. For pre- and post-judgment interest;

5. For such other and further relief as the court finds just and equitable.

DATED:  May 6, 2022                                **NP LAW FIRM, APC**

                                                  By: _____/s/ Lee Previant, Esq._____
                                                       John W. Noland, Esq.,
                                                       jnoland@nplaw.la,
                                                       Lee W. Previant, Esq.,
                                                       lpreviant@nplaw.la,
                                                       Tel.: 855-675-2901
                                                       28494 Westinghouse Place
                                                       Suite 311
                                                       Valencia, CA 91355
                                                       Attorneys for Plaintiff,
                                                       *Elias Vazquez*

///
///
///
///
///
///
///
///

17

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3    Rules of Civil Procedure.

4

5    DATED:  May 6, 2022                          **NP LAW FIRM, APC**

6

7
                                          By: _____/s/ Lee Previant, Esq._____
8                                              John W. Noland, Esq.,
9                                              jnoland@nplaw.la,
                                               Lee W. Previant, Esq.,
10                                             lpreviant@nplaw.la,
                                               Tel.: 855-675-2901
11                                             28494 Westinghouse Place
12                                             Suite 311
                                               Valencia, CA 91355
13                                             Attorneys for Plaintiff,
                                               *Elias Vazquez*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT