UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3056 PA (Ex) | Date | May 9, 2022 |
|---|---|---|---|
| Title | Elias Vazquez v. Amazon.com Services, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff Elias Vazquez ("Plaintiff") against defendants Amazon.com Services, LLC, ("Amazon.com Services"), Amazon.com, Inc. ("Amazon.com") and Garren Fitness, LLC ("Garren Fitness") (collectively, "Defendants"). The Complaint alleges claims pursuant to state common law. The Complaint indicates that jurisdiction is based on diversity jurisdiction by citing to 28 U.S.C. § 1332.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3056 PA (Ex) | Date | May 9, 2022 |
|---|---|---|---|
| Title | Elias Vazquez v. Amazon.com Services, LLC et al. | | |

place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

  In support of its allegations regarding jurisdiction, Plaintiff states the following about each Defendant's citizenship: Garren Fitness "is a corporation incorporated under the laws of the State of Delaware having its principal place of business other than in the State of  California;" Amazon.com Services "is a corporation incorporated under the laws of the State of Washington having its principle place of business in a State other than the State of California;" and Amazon.com "is a corporation incorporated under the laws of the State of Washington having its principle place of business in a State other than the State of California."  (Compl. ¶¶ 6-10.)  Because two defendants are limited liability companies, Plaintiff's allegations concerning the state of incorporation and the location of the LLC's principal place of business do not properly allege citizenship.  Plaintiff does not affirmatively allege who the members of the LLC's are, or what their individual citizenship is as required to allege diversity jurisdiction.

  Additionally, the Complaint fails to affirmatively allege the citizen of Amazon.com. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding that defendant failed to plead diversity jurisdiction when it did not "affirmatively allege the state of citizenship of corporate defendants" but rather "merely alleged that they were not citizens of California"); Matrix International Textile, Inc. v. DMD International, Ltd., 12-cv-5023, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012) ("As to the citizenship of DMD LLC and JC LLC, Defendants have only stated that 'the members of [DMD LLC] are all citizens and residents of the state of New York. . . . In this Court's view, Defendant cannot sufficiently demonstrate the citizenship of the members of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships").  See also, Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11 th Cir. 2004) (to sufficiently allege the citizenships of these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3056 PA (Ex) | Date | May 9, 2022 |
|---|---|---|---|
| Title | Elias Vazquez v. Amazon.com Services, LLC et al. | | |

unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). The Court concludes that Plaintiff has failed to establish that this Court possesses diversity jurisdiction over this action. Indeed, as a result of Plaintiff's deficient allegations concerning the citizenship of all defendant entities, the Court cannot determine whether subject-matter jurisdiction is proper under § 1332.

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by May 23, 2022. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.