UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3056 PA (Ex) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Elias Vazquez v. Amazon.com Services, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On May 9, 2022 the Court dismissed the Complaint filed by plaintiff Elias Vazquez ("Plaintiff") for lack of subject matter jurisdiction.  In dismissing the Complaint with leave to amend, the Court ordered Plaintiff to file an amended complaint, if any, by no later than May 23, 2022.  The Court warned Plaintiff that "[t]he failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice."  Despite the expiration of the deadline to do so, and the Court's warning, Plaintiff has not filed a First Amended Complaint.

As a result of Plaintiff's failure to adequately allege the Court's subject matter jurisdiction in the original Complaint, and failure to timely file a First Amended Complaint that cures the jurisdictional deficiency, the Court concludes that the Court lacks subject matter jurisdiction over this action.  The Court therefore dismisses the action without prejudice for lack of subject matter jurisdiction.

The Court additionally concludes that Plaintiff's failure to file a First Amended Complaint within the deadline to do so provides an alternative basis for dismissal of this action without prejudice.  Specifically, the Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3056 PA (Ex) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Elias Vazquez v. Amazon.com Services, LLC et al. | | |

availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

     Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because defendants may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991.

     Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file an amended complaint by the Court's deadline. Plaintiff, who is represented by Counsel, is therefore well aware that the failure to file an amended complaint would result in the dismissal of Plaintiff's action for failure to prosecute. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

     For all of the foregoing reasons, the Court dismisses this action without prejudice, both for lack of subject matter jurisdiction, and as a result of Plaintiff's failure to file a First Amended Complaint within the deadline to do so. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this order.

     IT IS SO ORDERED.